LOBRANO, Judge.
The original plaintiffs in this case, twenty-two building inspectors in the classified civil service of the City of New Orleans, filed a petition for issuance of a writ of mandamus asking that the New Orleans City Council be ordered to approve a pay plan amendment submitted by the New Orleans Civil Service Commission which made the building inspectors’ salaries uniform with comparable classes of inspectors in the New Orleans Fire Department. The City of New Orleans, the City Council and the City Civil Service Commission all were named as defendants.
Subsequent to taking the deposition of J. Michael Doyle, director of the Department of Civil Service, plaintiffs learned that numerous other job classifications were included in the pay plan proposal because of the Commission’s intent to preserve uniformity throughout the classified service for all those having duties similar to building inspectors. As a result, plaintiffs converted their suit to a class action, withdrew their request for mandamus and proceeded via ordinaria. Plaintiffs prayed that the City be ordered to compensate plaintiffs at rates not less than those set forth in the pay plan amendment approved by the Civil Service Commission on November 23, 1992. Plaintiffs also requested back wages, attorneys’ fees and costs.
Defendants filed a motion for summary judgment and a request for dismissal of the motion for class certification. The trial judge granted summary judgment reasoning that the Civil Service Commission fulfilled its constitutional duty by submitting the pay plan to the City but that the City was under no duty to adopt it, citing Article 10, Section 10(C) of the Constitution.
jaPlaintiffs perfect this appeal and the Commission answers seeking damages for frivolous appeal. Plaintiffs assert three errors, two of which involve the court’s failure to certify the class. Because of the result we reach we find it unnecessary to rule on class certification at this stage of the proceedings,
The thrust of plaintiffs’ argument before this Court is that the City Council’s failure to adopt the proposed pay plan is an infringement on the Commission’s constitutional authority to adopt and implement a uniform pay plan. Citing Constitution Article 10, Section 10(A) and Barnett v. Develle, 289 So.2d 129 (La.1974), plaintiffs contend that the Commission’s constitutional power to adopt uniform pay plans is meaningless unless there is the power to “implement” such plans.
Barnett, supra recognized the Commission’s exclusive authority to adopt uniform pay plans. There, the court also recognized that no pay plan can be approved by a governing authority contrary to the one established by the Commission. However, there is nothing in Barnett which requires a governing authority to adopt a pay plan. To the contrary, Article 10, Section 10(C) provides that no “rule or determination [of the Commission] affecting wages or hours shall have the effect of law and become effective” unless approved by the governing authority. In Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983) our brethren of the First Circuit concluded that the governing authority in that case, (the Governor), could not constitutionally modify the state civil service commission’s plan. He may either approve or disapprove of the plan in its entirety. If he chooses not to approve a plan, “the proper recourse is to send the plan back to the commission for its modification in line with the purposes and intent of the constitutional mandate.” Id. at 199. The court reasoned that the correct procedure is for the Commission to receive a revised plan from the governing authority and then “to have revised the entire [p]lan to effectuate an equitable distribution among all classified employees in accordance with the basic purposes of the merit system.” Id. at 202.
We ⅛⅛1⅛ note that the City Council has neither adopted) rejected nor modified the Commission’s plan. Apparently action has been deferred pending the comple. tion of a study of ⅛6 City>s pay structure being condllcted by William Mercer j^mpaay. The plan cannot be effective until adopted by the City Council. La. Const. Art. 10, Section 10(C). Our interpretation of the relevant authorities is that there is no statutory or constitutional authority *1311 which forces a governing authority to adopt a proposed plan. What the governing authority cannot do is modify the plan to circumvent the Commission’s constitutional mandate. If the plan is unacceptable the Council may reject it with recommendations for revision. The problem in this case, however, is the fact that the City has done nothing since the plan was submitted in December of 1992. Although we have no authority to order the City to accept the plan, we hold that it cannot refuse, indefinitely, to act. Totally ignoring the recommendations is tantamount to circumventing the Commission’s constitutional authority.
Therefore, we conclude that more than a reasonable period of time has elapsed within which the City Council should have acted. Accordingly we order that the Council act on the Commission’s revised pay plan, in accordance with the principles set forth herein, within sixty days after this judgement is final.
In all other respects the judgement of the trial court is affirmed.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART